UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20215-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMER H. BARRAGE
RENATO J. RODRIGUEZ, and
JUAN P. GRANDA,
    a/k/a "Flecha,"

    Defendants.
_____/

FILED by _____ D.C.
MAR 23 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

## GOVERNMENT'S *EX PARTE* MOTION AND MEMORANDUM OF LAW FOR POST-INDICTMENT PROTECTIVE ORDER

The United States of America (hereinafter "the United States" or "Government") respectfully requests the entry of a Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A), in order to preserve the availability of property identified for forfeiture in the Indictment. In support of this motion, the United States submits the following factual and legal basis.

1. On March 23, 2017, the defendants SAMER H. BARRAGE, RENATO J. RODRIGUEZ, and JUAN P. GRANDA (hereinafter collectively referred to as "DEFENDANTS"), were charged by way of an Indictment with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

2. The Indictment also placed Defendants on notice that, if convicted, the United States would pursue forfeiture of certain specific assets. In particular, the following assets are forfeitable pursuant to 18 U.S.C. § 982(a)(1):

(a) the contents of SunTrust Bank Account number 1000073421504;

(b) the contents of SunTrust Bank Account number 1000073421512;

(c) the contents of SunTrust Bank Account number 1000073421520;

(d) the contents of SunTrust Bank Account number 1000173207779; and

(e) real property located at Malibu at Pacific Marlin in San Juan del Sur, Nicaragua; and

(together, the forfeitable or subject assets).

3. Entry of the requested protective order should ensure that the forfeitable assets will be available for forfeiture upon conviction of Defendants. As more full set forth below, pursuant to 21 U.S.C. § 853(e)(1)(A), the Court is authorized to enter a restraining order or injunction or take any other action to preserve the availability of traceable assets.

4. Pursuant to 21 U.S.C. § 853(e)(1)(A), the Court is authorized to enter a restraining order or injunction, require the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

5. The charging of Defendants by Indictment and the listing of the assets in the Indictment as assets subject to forfeiture establishes sufficient probable cause for the issuance of the requested protective order. 21 U.S.C. § 853(e)(1). *See United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir.) *cert denied*, 493 U.S. 849 (1989).

## MEMORANDUM OF LAW

### I. The Government is Entitled To A Protective Order To Preserve The Availability of Forfeitable Assets

The United States seeks to preserve the status quo of the forfeitable assets by preventing the alienation and dissipation of the property subject to forfeiture. Given the clear Congressional

2

determination that property acquired through illegal activities be forfeited to the United States, it is equally clear that the public interest lies in preserving these assets for forfeiture.

### A. There Is Statutory Authority For Forfeiture

Congress has determined that property involved in or traceable to illegal activities shall be forfeited to the United States. Title 18, United States Code, Section 982(a)(1) mandates criminal forfeiture to the United States upon conviction of any violation of 18 U.S.C. § 1956(h). Title 18, United States Code, Section 982(a)(1) provides, in pertinent part, "the court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

### B. Statutory Mechanisms Provide Pre-Trial Protection For Forfeitable Property

To preserve forfeitable property pending the conclusion of a trial, the District Court is empowered to restrain the dissipation of property pre-trial. Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section –
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . .

Pre-trial restraint of assets has been approved by the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. In *United States v. Monsanto*, 491 U.S. 600 (1989), the Supreme Court noted:

> "[I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that. . ., the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense."

*Id.*, at 615-16.

In the same year as the *Monsanto* decision, the Eleventh Circuit recognized the right of the United States to seek pre-trial restraint of forfeitable assets:

> To preserve forfeitable assets for a possible conviction, the district court may restrain the defendant from using . . . assets before trial. The restraints may be imposed by way of a restraining order, an injunction, the execution of a performance bond, or a temporary seizure of certain assets which, because of their liquidity, can be readily transferred or hidden.

*United States v. Bissell*, 866 F.2d at 1349.

### C.   Pre-Trial Protective Orders Issue *Ex Parte*; There is No Requirement for an Adversary Hearing Prior to Its Entry

Once an indictment or information has issued, the court may order such restraints *ex parte. Id.*, at 1343, 1349. No requirement exists for notice or an evidentiary hearing prior to the issuance of a restraining order. *United States v. Monsanto*, 924 F.2d at 1193. A restraining order may issue when there is a determination of probable cause to believe that the property will ultimately be proven forfeitable. A hearing is not required. Congress found that requiring the government to have a full blown hearing to meet the standards for obtaining a regular restraining order would be "quite difficult."

4

In the instant case, probable cause regarding the underlying laundering conspiracy and the forfeitability of each of the subject assets has been established in the Indictment. As stated in the Senate Report on the Comprehensive Crime Control Act of 1984, "the probable cause established in the indictment or information is, in itself, to be sufficient basis for the issuance of a restraining order."  Senate Report No. 225, 98th Cong., 2d. Sess. 203, reprinted in 1984 U.S. Code Congressional and Administrative News, 3182, 3385.  As the elements required for a Protective Order, pursuant to 21 U.S.C. Section 853(e)(1)(A), have been met, the United States moves for the entry of the attached proposed order.

### D. Third Parties Are Protected Through Pre-Trial Protective Orders

Third parties are barred, under the provisions of 21 U.S.C. § 853(k), from intervening in a trial of a criminal case involving forfeiture and are barred from commencing an action at law or equity against the United States concerning the validity of its interest in the property sought for forfeiture.[1] The entry of a restraining order under these circumstances acts to protect and preserve the interests of third parties. Third party claimants are afforded a post-trial hearing in accordance with 21 U.S.C. § 853(n). (after the entry of a preliminary order of forfeiture).

### II. The Terms Of The Order

The United States requests that the Court enter a protective order immediately restraining, prohibiting, and enjoining defendants, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting

---

[1] For instance, interpleader actions are precluded by these bars, *see Johnson v. United States*, 2001 WL 1064505, at *2 (N.D. Ill. Sept 13, 2001); *United States v. BCCI Holdings (Luxembourg) S.A. (In re Oppenheimer & Co)*, 1992 WL 44321, at *3 (D.D.C. Feb. 10, 1992), as are actions in bankruptcy proceedings. *See In re: American Basketball League, Inc.*, 317 B.R.121, 129 (Bkrtcy. N.D. Cal. 2004); *In re: Smouha*, 136 B.R. 921, 926 (Bkrtcy. S.D.N.Y. 1992).

or completing any action that would affect the availability, marketability or value of said property, including but not limited to transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in all the forfeitable properties.

The United States further requests that appropriately designated agents of the United States be directed to promptly serve a copy of the Court's protective order upon Defendants and to give notice of the protective order entered herein to those individuals or institutions in control of, or with an interest, in the assets in question. The United States requests that it be permitted to provide notice of the entry of the protective order through facsimile transmission to such institutions and individuals (other than defendants). Any financial institutions holding accounts subject to this Order shall respond promptly to requests by the Government for information on said accounts' current status. The financial institutions on which a copy of this order is served shall immediately inform the federal law enforcement agency providing the order or the United States Attorney of the balances of any and all retrained accounts on the date of service and thereafter. To the extent that the protective order is provided to such institutions and individuals, the United States requests that this Court direct that such institutions and individuals, provide, within 20 days of the service of the protective order, information regarding the current balance, and the interest claimed by such institutions or individuals, and to provide other information which may become necessary for the resolution of any issues as to this restraint.

Furthermore, in order to properly effectuate the meaning and intent of this Court's Protective Order, the United States would request that the Department of Homeland Security Investigation or their designees be permitted and directed to do the following on the subject real properties:

    a.    to enter onto the subject real properties, including any curtilage, on one or more occasions during the pendency of this criminal action, for the purpose of:

        1.    identifying occupants and their status on the properties, such information to be compared against information already in possession of the United States;

        2.    documenting the interior condition of the structure and inspecting for damage, which inspection may include, among other means, still and video photography;

        3.    conducting an appraisal of the real properties and to be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the subject real properties, which appraisal may include, among other means, still and video photography;

    b.    to be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Court's order;

    c.    to use a lock smith and/or other required force as reasonably deemed necessary to enter unoccupied real property and, in the event that a lock smith and/or force is used, to resecure the property; and

    d.    to report their findings to the undersigned Assistant United States Attorneys, within 45 working days from the date of the order.

As previously stated, the Court has broad discretion to enter restraining orders and to take any other action to preserve the availability of property subject to forfeiture. 21 U.S.C. § 853(e)(1). Without such access and inspection at the outset of the case, it would be difficult to "preserve the availability of property" that is subject to forfeiture because there would not be an accurate record documenting the condition of the real properties.

The United States further requests that the Protective Order entered by this Court remain in full force and effect until further order of this Court.

WHEREFORE, the United States requests that the Court enter the proposed Protective Order submitted herewith, and grant such other relief as is just and lawful.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

BY: _____
Evelyn B. Sheehan (Fla. Bar No. 944351)
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132-2111
Tel. (305) 961-9001
Fax. (305) 536-7599
Evelyn.Sheehan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2017, the undersigned filed the foregoing document, United States' Motion for Protective Order, with the Clerk of the Court.

_____
Evelyn B. Sheehan
Assistant United States Attorney