UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20215-SCOLA

\_\_ SEALED

\_\_ NOT SEALED

Per Local Rule 5.4(d), the matter(s) shall remain sealed.
\_\_\_\_\_ years; \_\_\_\_\_ (specific date);
\_\_\_\_\_ permanently; \_\_\_\_\_ (other).

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAMER H. BARRAGE
RENATO J. RODRIGUEZ, and
JUAN P. GRANDA,
    a/k/a "Flecha,"

        Defendants.

_____/

## POST-INDICTMENT PROTECTIVE ORDER

THIS MATTER is before the Court upon the United States of America's *Ex Parte* Motion for Post-Indictment Protective Order to preserve the availability of property subject to forfeiture in this case, pursuant to Title 21, United States Code, Section 853(e)(1)(A). The Court having reviewed the motion and being otherwise fully advised in the premises finds that:

    1.    On March 23, 2017, the defendants SAMER H. BARRAGE, RENATO J. RODRIGUEZ, and JUAN P. GRANDA (hereinafter collectively referred to as "DEFENDANTS"), were charged by way of an Indictment with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

    2.    The United States seeks the Post-Indictment Protective Order to prevent the transfer, alienation, encumbrance or dissipation of property by any of the Defendants or any third party which would render said property unavailable for forfeiture.

3. The charging of Defendants SAMER H. BARRAGE, RENATO J. RODRIGUEZ, and JUAN P. GRANDA by Indictment establishes sufficient probable cause for the issuance of the requested Protective Order for the following assets:

(a) the contents of SunTrust Bank Account number 1000073421504;

(b) the contents of SunTrust Bank Account number 1000073421512;

(c) the contents of SunTrust Bank Account number 1000073421520;

(d) the contents of SunTrust Bank Account number 1000173207779; and

(e) real property located at Malibu at Pacific Marlin in San Juan del Sur, Nicaragua;

4. The Court has authority and jurisdiction to issue the Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A).

5. Any third party claims to the property may be properly brought and resolved in ancillary proceedings conducted by the Court in accordance with the provisions of federal forfeiture law. 21 U.S.C. § 853(k).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

A. Effective immediately, each of the Defendants, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with each of them, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of the subject assets, including but not limited to withdrawing, transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting,

depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the subject assets listed in paragraph 3;

B. Property owner(s) are required to maintain the present condition of the real property subject to the Protective Order, including making timely payment of all mortgages, insurances, utilities, taxes, and assessments until further order of the Court;

C. Any financial institutions, other entities or persons, holding mortgages on the real property subject to the Protective Order shall respond promptly to requests by the Government for information on said mortgage's current status. No action shall be taken to foreclose against the real property;

D. Any financial institutions holding accounts subject to this Order shall respond promptly to requests by the Government for information on said accounts' current status. The financial institutions on which a copy of this order is served shall immediately inform the federal law enforcement agency providing the order or the United States Attorney of the balances of any and all retrained accounts on the date of service and thereafter.

E. Any entities or persons having an interest in the real property named as subject to forfeiture shall respond promptly to requests by the United States for information on the status of said interest;

F. An authorized agent of the United States shall promptly serve a copy of the Protective Order upon the Defendants, unless a copy is provided electronically to counsel for each of the Defendants, and to those known individuals or institutions in control of, or with an interest, in the real property. Service of a copy of the Protective Order may be made through electronic mail or facsimile transmission;

   G. An agent of the Department of Homeland Security Investigation ("HSI"), or other authorized agent of the United States is hereby permitted to: 1) enter the real property referenced in the Protective Order, including any of its curtilage or structures, on one or more occasions during the pendency of this case, for the purpose of conducting an inspection or inventory of the real property; 2) document the condition of the real property, to include, among other means, still and video photography; and 3) be accompanied on any such occasion by any federal, state, and local law enforcement officer it selects to ensure the safety of personnel acting under the Restraining Order, or any other person necessary to assist in conducting an inspection or inventory of the real property.

   H. The Protective Order shall remain in full force and effect until further order of the Court.

   **DONE AND ORDERED** at Miami, Florida this \_\_\_\_\_ day of March 2017.

                  _____
                  **HONORABLE ROBERT N. SCOLA, JR.**
                  **UNITED STATES DISTRICT JUDGE**

cc: counsel of record