UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20215-CR-SCOLA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SAMER H. BARRAGE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Attached, please find a copy of any written statements made by the Defendants.

Attached, please find copies of any audio\video recordings which contain recordings of conversations had by the Defendants.

2. That portion of the written record containing the substance of any oral statement made by the Defendants before or after arrest in response to interrogation by any person then known to the Defendants to be a government agent is attached.

3. The Defendants did not testify before the Grand Jury.

4. The NCIC record of the Defendants, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court. Other items, including additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned suggests an initial

      discovery conference in May 2017 to explain the organization of the attachments.

      The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No Defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the Defendants of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The Defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance conducted by or in the United States. However, included in the attachments are recordings of wiretaps conducted in and by the Republic of Chile which include recordings of conversations had by the Defendants.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K. No controlled substance is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendants.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is set forth in the Indictment.

   Both a 1TB and 4TB hard drive are requested from each defendant in order to provide the initial attachments, pending entry of a protective order governing the release of discovery. Please contact the undersigned Assistant United States Attorney if you have any questions.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

      By: */s/ Francisco R. Maderal*
        Francisco R. Maderal
        Assistant United States Attorney
        Fla. Bar No. 41481
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        francisco.maderal@usdoj.gov
        Tel: (305) 961-9169
        Fax: (305) 530-7976

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on April 18, 2017. The attachments were not filed via CM/ECF but were delivered via electronic mail.

                                         */s/ Francisco R. Maderal*
                                         Francisco R. Maderal